## United States District Court
## Central District of California

**UNITED STATES OF AMERICA vs.**      Docket No.     <u>CR09-00189-OP</u>

**Defendant**   <u>CHRISTINA BOERS</u>     Social Security No. <u>0</u>   <u>9</u>   <u>6</u>   <u>9</u>

akas:   <u>Taylor R. Peacock, Tina Boers</u>     (Last 4 digits)

---

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| MAY | 7, | 2009 |

| COUNSEL | ☐ WITH COUNSEL | KAY OTANI, DFPD |
|---|---|---|

(Name of Counsel)

| PLEA | ☐ **GUILTY,** and the court being satisfied that there is a factual basis for the plea. ☐ | **NOLO CONTENDERE** | **X** | **NOT GUILTY** |
|---|---|---|---|---|

| FINDING | There being a finding/verdict of **X GUILTY,** defendant has been convicted as charged of the offense(s) of: |
|---|---|

18 U.S.C. § 113(a)(5): Simple Assault

**JUDGMENT AND PROB/ COMM ORDER**

The Court asked whether there was any legal cause why judgment should not be pronounced. Because no legal cause was shown, the Court adjudged the Defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the Defendant is hereby placed on probation on Count 1 of the Information for a term of one (1) year under the following terms and conditions.

1.   Defendant shall be committed to the custody of the Bureau of Prisons and/or United States Marshal to be imprisoned for a period of sixty (60) days;

2.   Defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;

3.   During the period of community supervision, Defendant shall pay the special assessment in accordance with this judgment's order pertaining to such payment;

4.   Defendant shall refrain from any unlawful use of a controlled substance and shall submit to one (1) drug test within fifteen (15) days of release from imprisonment and/or commencement of probation and at least two (2) periodic drug tests thereafter, not to exceed eight (8) tests per month, as directed by the U. S. Probation Office;

5.   Defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath, and/or sweat patch testing, as directed by the U. S. Probation Office. Defendant shall abstain from the use of illicit drugs and alcohol and shall not abuse prescription medications during the period of supervision;

USA vs.   CHRISTINA BOERS                              Docket No.:   EDCR09-00189-OP

6.      Defendant shall reside at and participate in an approved residential dual diagnosis
        program for the treatment of substance abuse and mental health issues, and shall
        participate in such counseling and treatment as approved by the U. S. Probation
        Office, that includes urinalysis, saliva and/or sweat patch testing for treatment of
        narcotic addiction or drug dependency, until discharged by the Program Director;

7.      Defendant shall participate in mental health treatment, which may include
        evaluation and counseling, until discharged from the treatment by the treatment
        provider, with the approval of the U. S. Probation Office.  In ordering Defendant to
        take all prescribed anti-psychotic medication as directed by a medical professional,
        the Court has considered the medically-informed record, one that encompassed an
        independent and timely evaluation of Defendant by a medical professional,
        including attention to the type of drugs proposed, their dosage, and the expected
        duration of Defendant's exposure to such drugs.  The Court finds that this order
        involves no greater deprivation of liberty than is reasonably necessary for the
        purposes set forth in 18 U.S.C. §§ 3553(a)(2)(B), (C), and (D).  Further, Defendant
        shall pay the costs of such treatment to the treatment provider based on her ability
        to pay and submit proof of payment to the U. S. Probation Office; and

8.      If Defendant does not have a suitable residence upon her release from custody,
        Defendant shall reside at a residential re-entry center (RRC) for co-occurring
        disorders, under the community corrections component for a period not to exceed
        six (6) months, and shall comply with all rules and regulations of the RRC, until
        discharged by the program director, with the approval of the U. S. Probation
        Office.  It is recommended that Defendant be placed at Gateways RCC.

The Court authorizes the U. S. Probation Office to disclose the Presentence Report, and/or any previous
mental health evaluations or reports, to the treatment provider.  The treatment provider may provide any
information (excluding the Presentence Report), to State or local social service agencies (such as the State of
California, Department of Social Services), for the purpose of Defendant's rehabilitation.
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

USA vs.   CHRISTINA BOERS                                   Docket No.:   CR09-00189-OP

It is ordered that Defendant shall pay to the United States a special assessment of $10, which is due immediately.

All fines are waived as it is found that Defendant does not have the ability to pay a fine.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

_____5/13/09_____                           _____
Date                                        Oswald Parada, U. S.Magistrate Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

                                            Clerk, U.S. District Court

_____5/13/09_____              By    Maynor Galvez
Filed Date                           Deputy Clerk

USA vs.   CHRISTINA BOERS                              Docket No.:    CR09-00189-OP

---

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

☐   The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1).  Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).  Interest and penalties pertaining to restitution , however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office.  18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full.  18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k).  The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k).  See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
        Private victims (individual and corporate),
        Providers of compensation to private victims,
        The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

USA vs.   CHRISTINA BOERS                                    Docket No.:        CR09-00189-OP

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account.  All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses.  Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

_____                By  _____
Date                                             Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____                By  _____
Filed Date                                       Deputy Clerk

USA vs.   CHRISTINA BOERS                                    Docket No.:   CR09-00189-OP

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

(Signed) _____        _____
                Defendant                                                    Date


_____        _____
U. S. Probation Officer/Designated Witness                        Date

# NOTICE PARTY SERVICE LIST

**Case No.**    <u>CR09-00189-OP</u>    **Case Title**    <u>USA -V- CHRISTINA BOERS</u>

**Title of Document** _____

| | |
|---|---|
| | ADR |
| | BAP (Bankruptcy Appellate Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So  Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | MDL Panel |
| | Ninth Circuit Court of Appeal |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service -  Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| |
|---|
| ***ADD NEW NOTICE PARTY*** **(if sending by fax, mailing address must also be provided)** |
| Name: |
| Firm: |
| Address (*include suite or floor*): |
| |
| |
| *E-mail: |
| *Fax No.: |
| * For CIVIL cases only |

| |
|---|
| ***JUDGE / MAGISTRATE JUDGE (list below):*** |
| |
| |
| |
| |

**Initials of Deputy Clerk** _____